■ In the Matter of the Estate of LAWRENCE W. SCHOTT, Deceased. DONALD SCHOTT et al., Appellants; MARJORIE SCHOTT, as Executrix of LAWRENCE W. SCHOTT, Deceased, Respondent. [704 NYS2d 47] —Decree, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about July 9, 1999, which, based on the decision and order of Judicial Hearing Officer Howard Bell, dismissing objectants' objections, settled the account of the executrix, and released and discharged her from further liability, unanimously affirmed, without costs.

Objectants, sons of the decedent, concede on appeal that decedent was not incompetent or subject to undue influence when he made the challenged pre-death transfers of his interest in his wholly-owned company to the executrix. In addition, although the terms of the former wife's stipulation of settlement did not release the claims of the objectants, her sons, against the executrix and the estate, we affirm the dismissal of these claims since they were without substantive merit. Contrary to objectants' contention, the separation agreement between the decedent and the objectants' mother merely required decedent to have an irrevocable will naming his sons as beneficiaries; it did not require decedent to include in his estate the subject wholly-owned company. Further, decedent's interest in his company was not a "security" or "chose in action" as defined in the separation agreement such that it had to be held for objectants' benefit. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.